Nathaniel S.G. Braun (SBN CA 269087)
Michael B. Gelfound (SBN CA 297413)
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6546
Telephone: 310.445.0800
Facsimile: 310.473.2525
nbraun@selmanlaw.com
mgelfound@selmanlaw.com

Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, as successor in interest to policies originally underwritten by Freedom Specialty,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN NEJAD, an individual, C.I.T. AUTO IMPORT AND EXPORT, INC., a California corporation.<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br>(1) DECLARATORY RELIEF<br>(2) REFORMATION |

Plaintiff Scottsdale Insurance Company, as successor in interest to policies originally underwritten by Freedom Specialty ("Scottsdale"), makes the following allegations:

**STATEMENT OF THE CASE**

1. This action arises from an insurance coverage dispute regarding the insurance policy Scottsdale issued to Defendant C.I.T. Auto Import and Export, Inc.

2. On November 28, 2017, Michelle Weinzettl ("Weinzettl") struck Defendant Brian Nejad ("Nejad") with her vehicle while trying to exit an auto body



Selman Breitman LLP
ATTORNEYS AT LAW

shop's parking lot (the "Accident").

3. Scottsdale is informed and believes, and based thereon alleges, that Nejad is claiming that he sustained certain bodily injuries as a result of the Accident.

4. Scottsdale is informed and believes, and based thereon alleges, that Nejad is the owner of a corporation, C.I.T. Auto Import and Export, Inc., which does business as C.I.T. Motors, Inc. ("CIT") (which was a corporation for a few months in 2007 before being dissolved).

5. Scottsdale is informed and believes, and based thereon alleges, that CIT is an auto body shop where the Accident occurred.

6. Scottsdale issued a Garage Coverage Policy to C.I.T. Motors, Inc., which included an endorsement for Uninsured Motorist Coverage for Bodily Injury with a $100,000 limit.

7. Scottsdale is informed and believes, and based thereon alleges, that Nejad tendered his claim to Weinzettl's automobile insurance carrier, State Farm. On March 15, 2019, State Farm settled Nejad's claim for $15,000.

8. Nejad also tendered his claim to Scottsdale pursuant to the Uninsured Motorist Coverage endorsement.

9. On April 15, 2019, Scottsdale denied Nejad's claim on the grounds he does not qualify as an insured as defined in the Uninsured Motorist Coverage endorsement.

10. On April 23, 2019, Nejad made a demand for arbitration pursuant to the arbitration provision in the Uninsured Motorist Coverage endorsement.

11. Scottsdale brings this action to seek a judicial declaration of the respective rights and obligations of the parties with respect to the Accident, and if appropriate, reformation of the Scottsdale policy issued to C.I.T. Motors, Inc.

## JURISDICTION AND VENUE

12. Jurisdiction. This is a civil action between citizens of different states



Selman Breitman LLP
ATTORNEYS AT LAW

and the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Additionally, this Court has jurisdiction for providing declaratory relief under 28 U.S.C. § 2201.

13. Venue. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Defendants resides and/or has its principal place of business in this judicial district and a substantial portion of the events giving rise to this complaint occurred in this district.

14. An actual controversy exists regarding the rights, duties and obligations of the parties under Scottsdale's insurance policy issued to CIT, regarding the Accident.

**THE PARTIES**

15. Plaintiff Scottsdale is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona.

16. Scottsdale is informed and believes, and based thereon alleges, that Defendant Brian Nejad is an individual who resides in Woodland Hills, California.

17. Scottsdale is informed and believes, and based thereon alleges, that Defendant C.I.T. Auto Import and Export, Inc. is a California corporation with its principal place of business in Sherman Oaks, California.

**THE SCOTTSDALE POLICY**

18. Scottsdale insured CIT (the named insured) under a Garage Policy, policy number GWF0001179, effective from 5/7/2017 to 5/7/2018 (the "Policy").

19. The Policy provides coverage for covered "autos" that are designated by a numerical symbol. Covered "autos" for uninsured / underinsured motorist is designated with numerical symbol "22." Numerical Symbol "22" means "[o]nly those 'autos' you own (and for Liability Coverage any 'trailers' you don't own while attached to power units you own). This includes those 'autos' you acquire ownership of after the policy begins."



Selman Breitman LLP
ATTORNEYS AT LAW

20. The Policy includes an endorsement, stating in relevant part:

**CALIFORNIA UNINSURED MOTORISTS COVERAGE – BODILY INJURY**

For a covered "auto" licensed or principally garaged in or "garage operations" conducted in California, this endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

***********

**A. Coverage**

**1.** We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident"…

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

**1.** An individual, then the following are "insureds":

a. The Named Insured and any "family members".

b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be



Selman Breitman LLP
ATTORNEYS AT LAW

out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

*************

**E. Changes in Conditions**

The Conditions are changed for California Uninsured Motorists Coverage – Bodily Injury as follows:

**5.** The following Condition is added:

**Arbitration**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", the disagreement will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. However, disputes concerning coverage under this endorsement may not be arbitrated. Each party will bear the expenses of the arbitrator equally.

**F. Additional Definitions**

The following are added to the **Definitions** section:

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Uninsured motor vehicle" means a land motor vehicle or trailer:

**b.** That is underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by the applicable law



Selman Breitman LLP
ATTORNEYS AT LAW

where a covered "auto" is principally garaged but that sum is less than the Limit of Insurance for this coverage;

**FIRST CAUSE OF ACTION**

**(For Declaratory Relief, against all Defendants)**

21. Scottsdale re-alleges and incorporates by this reference the paragraphs above, in their entirety, as though fully set forth herein.

22. Scottsdale contends that it owes no coverage regarding the Accident, pursuant to the plain language of the Policy and settled California law.

23. Because Nejad is not a named insured, and because CIT is not an individual, the uninsured motorist coverage for individuals, under "Who Is An Insured" Section B.1, is inapplicable.

24. CIT is a corporation or other form of organization, and so the uninsured motorist coverage by its terms extends only to someone "occupying" a covered "auto" at the time of the Accident.

25. Weinzettl struck Nejad while he was a pedestrian – he was walking when she struck him with her vehicle. By any reasonable definition he was not "occupying" a covered "auto."

26. Accordingly, Scottsdale contends that the Accident is not covered under the Uninsured Motorist Coverage endorsement to the Scottsdale Policy.

27. Scottsdale is informed and believes, and based thereon alleges, that Defendants dispute Scottsdale's contentions herein regarding coverage under the Uninsured Motorist Coverage endorsement.

28. Scottsdale alleges that Defendants' demand for arbitration, pursuant to the Uninsured Motorist Coverage endorsement, is not triggered because there is a dispute as to whether coverage exists under this endorsement, which must be decided by a Court.

29. As such, due to the coverage dispute between Scottsdale and Defendants, an actual controversy exists that requires a judicial declaration to

determine the respective rights and obligations of the parties.

**SECOND CAUSE OF ACTION**

**(For Reformation, In The Alternative)**

30. Scottsdale re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

31. In the alternative, Scottsdale is informed and believes and thereon alleges that both Scottsdale and Defendants agreed that the Policy was to name CIT, a corporation, as the named insured under the Policy.

32. The Application for the Garage Policy lists the Named Insured as "CIT Motors, Inc." The application is signed by Brian Nejad on May 5, 2017. A true and correct copy of the application is attached as Exhibit 1.

33. Moreover, when Scottsdale discussed with CIT's broker, She confirmed that the named insured is a corporation and that the proper named insured is CIT Auto Import & Export.

34. Scottsdale contends that to the extent the Policy as written does not fully and accurately reflects the true intent of the parties regarding the named insured the Policy is subject to reformation to reflect the true intent of the parties.

35. Scottsdale contends that any failure to fully and accurately set forth the parties' intent as regards to the named insured, was the result of a mutual mistake on the parties' behalf, or a unilateral mistake known to Defendants and their brokers and/or agents.

36. In such instance, Scottsdale alleges that it is entitled to reformation of the Policy to reflect the true intentions of the parties - that Item 4 of the Declarations should have the "corporation" box check rather than the "individual" box checked regarding the named insured.

37. Scottsdale further contends that the Policy should further be reformed to include the correct corporation name – C.I.T. Auto Import and Export, Inc.

38. Scottsdale could suffer severe prejudice and financial loss unless the







Selman Breitman LLP
ATTORNEYS AT LAW

Policy is confirmed to have been reformed, or reformed by this Court, to reflect the true intentions of the parties.

**PRAYER FOR RELIEF**

Wherefore, Scottsdale prays for relief as follows:

1. For a finding that the Uninsured Motorist Coverage endorsement to the Scottsdale's Policy does not provide coverage for the Accident.

2. For a finding, in the alternative, that Scottsdale's Policy is reformed to reflect the parties' true intentions that the Policy only names CIT as the named insured, not Nejad as an individual.

3. For costs and fees as permitted by statute and court rule, and such other relief as the Court finds just and proper under the circumstances.

DATED: June 25, 2019

SELMAN BREITMAN LLP

By:

NATHANIEL S.G. BRAUN
MICHAEL B. GELFOUND
Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY

Selman Breitman LLP
ATTORNEYS AT LAW